1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUFRONIO LOMIBAO,<br><br>            Plaintiff,<br><br>    v.<br><br>AGC BIOLOGICS INC,<br><br>            Defendant. | CASE NO. 2:25-cv-00361-JHC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY** |

# I
### INTRODUCTION

This matter comes before the Court on Defendant's Motion to Stay Discovery. Dkt. # 24. The Court has reviewed the materials filed in support of and in opposition to the motion, the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the motion.

# II
### BACKGROUND

Plaintiff Eufronio Lomibao initiated this action against Defendant AGC Biologics, Inc. on February 26, 2025 alleging violations of both Washington and federal employment law on behalf of himself and similarly situated employees. Dkt. # 1. On June 26, 2025, this Court

issued a Rule 16(b) scheduling order, setting a deadline of December 5, 2025 and January 5, 2026 for Plaintiff to complete discovery on class certification and file a motion for class certification respectively.  Dkt. # 15.  On July 18, 2025, Defendant moved for summary judgment on all of Plaintiff's claims.  Dkt. # 16.  Plaintiff then served discovery on Defendant, *see* Dkt. ## 24 at 3; 27 at 3, and filed a response to the motion for summary judgment.  Dkt. # 20.  Defendant now requests a stay on all discovery pending this Court's decision on Defendant's summary judgment motion (Dkt. # 16).  *See* Dkt. # 24

### III
### DISCUSSION

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases).  This authority includes "wide discretion" over the entire discovery process, including the issuance of discovery stays.  *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

In determining whether a discovery stay is appropriate pending resolution of a separate dispositive motion, Ninth Circuit courts consider a number of factors.  These factors include: "(1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) 'the possible damage which may result from the granting of a stay'; (4) 'the hardship or inequity which a party may suffer in being required to go forward'; and (5) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'"  *Subspace Omega, LLC v. Amazon Web Servs., Inc.*, No. 2:23-CV-01772-TL, 2024 WL 4451404, at *1 (W.D. Wash. Oct. 9, 2024) (quoting *HUB Int'l Nw. LLC v. Larson*, No. C22-

1418, 2023 WL 2527150, at *3 (W.D. Wash. Mar. 15, 2023)).[1] In evaluating these factors, particularly the first two, courts must "take a 'preliminary peek' at the merits of the pending [motion] to determine whether a stay [should be] granted." *Zeiger*, 2022 WL 1499670, at *2 (quoting *Nguyen v. BMW of N. Am., LLC.*, 20CV2432-JLS(BLM), 2021 WL 2284113, at *2 (S.D. Cal. June 4, 2021) (citation omitted)).

After considering these factors, the Court concludes that a motion to stay discovery is warranted. Defendant easily satisfies the first, second, fourth, and fifth factors. Defendant's motion for summary judgment seeks to dismiss the entire case. *See* Dkt. # 16. Although the Court will not address the merits of Defendant's summary judgment motion at this time, a "preliminary peek" at the merits of the pending motion is enough to convince the Court that a favorable ruling would dispose of the entire case.[2] Notably, although Plaintiff challenges the merits of Defendant's motion and the content of the "preliminary peek" analysis, *see* Dkt. #27 at 5, Plaintiff does not dispute that a favorable ruling by the Court on the pending motion would dispose of the case. *See generally id*. Both parties have also fully briefed the motion for summary judgment that is currently pending before this Court and neither party has indicated

---

[1] Some courts in this Circuit consider only some of these factors. *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) ("[M]otions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief."); *Zeiger v. Hotel California by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022) (court should grant stay if: (1) the pending motion is "potentially dispositive of the entire case, or at least on the issue to which discovery is directed"; and (2) "the pending dispositive motion can be decided without additional discovery").

[2] This conclusion distinguishes this case from many of Plaintiff's cited cases. For example, in *McMillan v. Ringler*, No. 213CV00578MCEKJNP, 2015 WL 13896184 (E.D. Cal. Mar. 25, 2015), the court rejected defendants' motion to stay discovery, concluding that defendants' assertion that "a dispositive motion *could* dispose of the case" was too speculative. Here, however, there is no question that a favorable resolution of Defendant's dispositive motion *would* dispose of the case.

ORDER GRANTING DEFENDANT'S MOTION TO
STAY DISCOVERY - 3

that additional discovery is necessary to resolve the summary judgment motion. *See generally* Dkt. ## 24, 27.

Defendant has also established that being required to comply with Plaintiff's discovery request will cause hardship. *See* Dkt. # 24 at 7. While Plaintiff is correct that a showing of inconvenience or expense by a defendant is insufficient on its own to justify a discovery stay, *see* Dkt. 27 at 8, it is still appropriate for a court to consider potential hardship to a defendant along with the other articulated factors. *See Subspace Omega*, 2024 WL 4451404, at *1.

Lastly, the Court finds that a discovery stay here would improve the "orderly course of justice," as a favorable or unfavorable ruling on all (or even parts) of Defendant's summary judgment motion will undoubtedly clarify the scope of the case and simplify the issues of proof and law in this matter moving forward.

With respect to factor three, the Court acknowledges that Plaintiff has raised valid concerns regarding the possible damage to himself and other putative class members if discovery were to be delayed. *See* Dkt. # 27 at 7.[3] But the Court also finds that any potential prejudice to Plaintiff as a result of delayed discovery would be mostly (if not entirely) eliminated if the Court were to both modify its initial scheduling order and toll the statute of limitations for Plaintiff's FLSA claims.[4] Thus, although the Court finds it appropriate to stay discovery pending resolution of Defendant's motion for summary judgment, it also finds it appropriate to modify the discovery deadlines set forth in its initial scheduling order (Dkt. # 15) and toll the statute of limitations for Plaintiff's FLSA claims.

---

[3] Contrary to Defendant's assertion, the Court is not convinced that "*any* delay," and thus any potential prejudice resulting from a discovery stay, "was *created* by Plaintiff." *See* Dkt. # 28 at 5 (emphasis added).

[4] District courts are permitted to grant equitable tolling in FLSA cases when equity requires. *See, e.g.*, *Franklin v. Scripps Health*, No. 22-CV-367-MMA (MDD), 2022 WL 4389691, at *6 (S.D. Cal. Sept. 21, 2022) ("The Ninth Circuit has interpreted the FLSA statute of limitations as a procedural limitation that may be tolled when equity warrants.").

ORDER GRANTING DEFENDANT'S MOTION TO
STAY DISCOVERY - 4

## IV
## CONCLUSION

For these reasons, the Court GRANTS Defendant's Motion to Stay Discovery (Dkt. # 24) and ORDERS as follows:

    (a)    Discovery in this matter is STAYED, pending resolution of Defendant's Motion for Summary Judgment (Dkt. # 16).

    (b)    Plaintiff's FLSA claims are TOLLED.

    (c)    If the Court DENIES Defendant's Motion for Summary Judgment, in whole or in part, within 14 days of the decision, the parties shall meet and confer and submit a stipulated motion or competing requests regarding the case schedule, including the discovery cutoff.

Dated this 17th day of September, 2025.

_John H. Chun_
John H. Chun
United States District Judge